IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEL and NICK ZAHAROPOULOS,

    Plaintiffs,

-v-

                                       Case No.:

MIDLAND CREDIT
MANAGEMENT, INC.,

    Defendant.
_____/

## NOTICE OF REMOVAL

**COMES NOW** defendant Midland Credit Management, Inc. ("Defendant"), by and through its undersigned counsel, pursuant to the provisions of 28 U.S.C. §§ 1331, 1441 and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Florida and Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby gives notice of the removal of this action from the County Civil Court of Pasco County, Florida, to the United States District

1787979 v1

Court, Middle District of Florida, Tampa Division. In support of this notice of removal, Defendant states as follows:

## I. INTRODUCTION

1. Plaintiffs Mel and Nick Zaharopoulos ("Plaintiffs") commenced this action by filing a complaint against Defendant in the County Civil Court of Pasco County, Florida, Case Number 51-2009-CC-4218 on or about September 28, 2009.

2. Plaintiffs' complaint asserts claims against Defendant relating to alleged harassing phone calls to them. (Complaint, pp. 6-8.) Plaintiffs specifically contend that Defendant, through its agents, violated the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA") by, among other things, allegedly using harassing collection methods. (*Id.*, pp. 8-15.)

3. Based on this alleged conduct, Plaintiffs attempt to assert a federal claim under the FDCPA and a state law claim under the FCCPA. (*Id.*) Based on these claims, Plaintiffs seeks recovery of attorney's fees, compensatory damages, statutory damages under the FDCPA, and $1,000 under the FCCPA. (*Id.*, p. 15.)

4. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendant is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a).

## II.  FEDERAL QUESTION JURISDICTION

5. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6. This is a civil action arising under the Constitution, laws, or treatises of the United States, because Plaintiffs are asserting a claim against Defendant based upon alleged violations FDCPA, which is a federal consumer protection statute. *See* Complaint, pp. 2, 8-12; *see also* 15 U.S.C.

§ 1692 *et seq.* Accordingly, this claim asserted by Plaintiffs in their complaint arises under the laws of the United States and could have been originally filed in this Court.

7. This Court also has supplemental jurisdiction over Plaintiffs' state law claims. Those claims, like Plaintiffs' federal question claim arising under the FDCPA, arise from the same set of operative facts relating to the alleged wrongful collection practices. Accordingly, each of these claims is related to Plaintiffs' federal question claim, and thereby forms a part of the same case and controversy pursuant to 28 U.S.C. § 1367(a).

### III. ADOPTION AND RESERVATION OF DEFENSES

8. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fla. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## IV.  PROCEDURAL REQUIREMENTS

9. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

10. True and correct copies of "all process, pleadings, and orders" served upon Defendant to date, as well as additional documents from the state court's file, are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a).  There has been no other process, pleadings, or orders served upon Defendant to date in this case.

11. Defendant was not served with process in this matter until October 14, 2009.  Accordingly, this notice of removal is filed within the time frame set forth in 28 U.S.C. § 1446.

12. Defendant has heretofore sought no similar relief.

13. The United States District Court for the Middle District of Florida, Tampa Division, is the court and division embracing the place where this action is pending in state court.

14. Contemporaneously with the filing of this notice of removal, Defendant has filed a copy of same with the clerk of the County Civil Court of Pasco County, Florida and a notice of filing notice of removal.  Written

notice of the filing of this notice of removal has also been served upon Plaintiffs.

15. Defendant reserves the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the County Civil Court of Pasco County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division.

Respectfully submitted,

/s/ R. Frank Springfield

R. Frank Springfield (FL Bar # 0010871)
Matthew T. Mitchell (FL Bar # 0018319)
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
fspringf@burr.com
mmitchel@burr.com

Attorneys for Defendant
MIDLAND CREDIT MANAGEMENT, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 10th day of November, 2009:

Brian P. Parker
Law Offices of Brian P. Parker
30700 Telegraph Rd., Suite 1580
Bingham Farms, MI  48025
(248) 642-6268

_____
OF COUNSEL